Ramón Vélez Pérez, peticionario, *v.* La Corte de Distrito de Ponce, Hon. Roberto H. Todd, Jr., Juez, demandada.

No. 889.—*Sometido:* Marzo 6, 1933. *Resuelto:* Julio 11, 1933.

R. Hernández Matos, abogado del peticionario; E. Ramos Antonini, abogado de la demandada en el pleito principal.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Ramón Vélez radicó en la Corte Municipal de Ponce una demanda contra Antonia Negrón viuda de Arabía, en reclamación de cuatrocientos dólares por daños y perjuicios. Contestó la demandada y señalado día para el juicio el demandante presentó una moción que en parte dice:

"segundo: Que sea cual fuere el resultado del juicio en este caso, la parte perjudicada apelaría para ante la Corte de Distrito de Ponce.—tercero: Que en estas condiciones y para ganar tiempo el demandante desea que se dicte sentencia en su contra."

Y la corte dictó la siguiente

"sentencia.—Llamado este caso para juicio, comparecieron las partes, presentando el demandante una moción, debido al hecho de que cualquiera que fuera el resultado de este litigio, la parte perjudicada apelaría para ante la Corte de Distrito de Ponce, por lo que dicho demandante quiere ganar tiempo solicitando se dicte sentencia en su contra. por tanto: Vistas las alegaciones de este caso y la demanda y la contestación, la corte declara con lugar dicha moción y en su consecuencia declara sin lugar la demanda presentada

en dicho caso, todo ello sin especial condenación en costas.—Ponce, P. R., a 25 de noviembre de 1932.—(Fdo.) F. H. Usera.—Juez Municipal.''

Apeló en efecto el demandante para ante la corte de distrito y en ella la demandada pidió que la apelación fuera desestimada ''porque habiéndose dictado la sentencia apelada en contra del demandante a su propia petición, la sentencia se convirtió en firme inmediatamente que fué dictada, sin que procediera ni proceda el recurso de apelación.'' Y la corte de distrito desestimó por tal motivo la apelación.

El demandante y apelante recurrió entonces en *certiorari* para ante este tribunal, alegando que la corte de distrito le había privado de un derecho que le otorgaba la ley. En su alegato cita jurisprudencia y sostiene que toda ella demuestra que las verdaderas sentencias por consentimiento son las dictadas a virtud de un acuerdo entre todas las partes en el litigio y que aquí no existió tal acuerdo. Insiste en que lo hecho por él no puede interpretarse en el sentido de que estuvo conforme en que el pleito se resolviera en contra suya, siendo su único propósito ganar tiempo, apelando en seguida para ante la corte de distrito.

Aun cuando la parte demandada compareció al acto de la vista del recurso y se le autorizó para presentar un memorándum de autoridades en apoyo de su contención, no lo hizo, de suerte que no hemos tenido el beneficio de un verdadero debate.

No hay duda de que el demandante manifestó en su moción que deseaba que se dictara sentencia en su contra y que la sentencia fué dictada en contra suya. Tampoco la hay de que manifestó que hacía tal petición para ganar tiempo y apelar.

¿Pudo el demandante prescindir a su antojo de la corte municipal y fijar él mismo el alcance que debía tener la sentencia que se dictara? En manera alguna, a nuestro juicio. La Legislatura ha establecido las cortes municipales para que ante ellas se decidan las controversias que asignó a su

jurisdicción. Reclamó el demandante cuatrocientos dólares, negó que los debiera la demandada y la contienda trabada tenía que decidirse por la corte municipal por el mérito de las alegaciones y el de las pruebas en su caso.

Hablando por sus propios términos la sentencia dictada declara sin lugar la demanda a instancias del propio demandante. Surge de ella es cierto la condición a que quiso sujetarla el demandante, esto es, la de que fuera apelable para ante la corte de distrito, pero como no tenía derecho a imponerla, no puede invocarla ahora en su favor.

Queda sólo una sentencia por consentimiento y es claro que no cabe que apele contra ella la parte que la consintió. La actuación de la Corte de Distrito de Ponce se ajustó a la ley *y el auto de certiorari expedido debe anularse, devolviéndose los procedimientos a la dicha corte de distrito.*